**BUCHANAN INGERSOLL & ROONEY PC**
Samantha Southall (*pro hac vice* forthcoming)
Jacqueline Weyand (01572011)
Natalie Peled (*pro hac vice* forthcoming)
550 Broad Street, Suite 810
Newark, NJ 07102-4582
(973) 273-9800
*Counsel for Defendants Zillow, Inc. and Zillow Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES l-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>       Defendants. | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Zillow, Inc., and Zillow Group, Inc. (collectively "Zillow" or "Defendants"), by and through their undersigned counsel, hereby remove this action from the Superior Court of the State of New Jersey, County of Bergen to the United States District Court for the District of New Jersey.  In support of this Notice of Removal, Defendants state the following:

### D.N.J. LOCAL RULE 10.1 STATEMENT

1.      Pursuant to Local Civil Rule 10.1(a), the addresses of the named parties are as follows:

a.        Plaintiff Atlas is a Delaware corporation.  It is located at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

b.        Plaintiffs Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (collectively, the "Individual Plaintiffs") are natural persons.  The Individual Plaintiffs did not disclose their street addresses in the Complaint.  Defendants are not otherwise aware of their locations.

c.        Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of GENOVA BURNS LLC, 494 Broad Street, Newark, NJ 07012 and John A. Yanchunis, Esq., MORGAN & MORGAN, 201 N. Franklin St., 7th Floor, Tampa, FL 33602

d.        Defendant Zillow, Inc. is a Washington corporation and its principal place of business is located in the State of Washington.

e.        Defendant Zillow Group, Inc. is a Washington corporation and its principal place of business is located in the State of Washington.

f.        Defendants Richard Roes 1-10 and ABC Companies 1-10 are fictitious names of unknown natural persons and entities.  Defendants are not aware of the street and post office addresses of Richard Roes 1-10 or the principal places of business of ABC Companies 1-10.

g.        Defendants Zillow, Inc. and Zillow Group, Inc. are represented by Jacqueline M. Weyand of Buchanan Ingersoll & Rooney, PC, 550 Broad Street, Suite 810 Newark, NJ 07102-4582.

## NATURE OF CASE

2.      On February 8, 2024, Atlas Data Privacy Corporation ("Atlas") and the Individual Plaintiffs (collectively, "Plaintiffs") commenced this action against Defendants in the Superior

Court of New Jersey, Law Division, Bergen County, entitled *Atlas Data Privacy Corporation, et al., v. Zillow, Inc., et al.*, Docket No. BER-L-000874-24 (the "Action").  A true and correct copy of the Complaint and commencement documents are attached hereto as **Exhibit A**.

3.    Defendants were served on February 26, 2024.  Pursuant to 28 U.S.C. § 1446(a), the: (1) Summons, (2) Complaint, (3) Case Information Statement, and (4) Track Assignment Notice, constitute all pleadings, process, or orders served upon Zillow in this Action.  As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and order in this matter are attached to this Notice of Removal.  *See* Ex. A.

4.    By filing this Notice of Removal, Defendants do not waive, and expressly preserve, any and all of Defendants' available rights, arguments, defenses, or objections.[1]

5.    In their Complaint, Plaintiffs purport to assert claims for Defendants' alleged violation of Daniel's Law, N.J. Stat. Ann. § 56:8-166 *et seq.*  (*See* Ex. A, at ¶¶ 57-62).  More specifically, Plaintiffs claim Defendants have failed to cease making available the home addresses or unpublished home telephone numbers of covered persons upon request pursuant to the statute.

6.    In addition to the claims asserted by the Individual Plaintiffs, Atlas purports to assert claims on behalf of claims of 14,476 unidentified individuals "who are all 'covered persons' under Daniel's Law (together, the 'Covered Persons'), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors."  (Ex. A, at ¶ 26).

---

[1]    Defendants do not concede the veracity of any allegation pleaded against them. *Faltaous v. Johnson & Johnson*, 2007 WL 3256833, at *8 (D.N.J. Nov. 5, 2007) ("Defendant need not concede aspects of the complaint in order to prove federal jurisdiction."); *Samuel-Basset v. KIA Motors Am., Inc.*, 357 F.3d 392, 298, n. 3 (3d Cir. 2004) ("A pretrial ruling on jurisdictional facts should not be made if it constitutes a decision on the merits.").

7.      In their Complaint, Plaintiffs seek to recover actual damages of not less than $1,000 for each violation, punitive damages, reasonable attorneys' fees, pre- and post-judgment interest and litigation costs.  (*See* Ex. A, at p. 19).

8.      Plaintiffs also allege that they are entitled to "injunctive relief" with respect to the "protected information" of each "Individual Plaintiff" and each unnamed "Covered Person."  (*See id.*).

## GROUNDS FOR REMOVAL

24.      This case is a civil action within the meaning of 28 U.S.C. § 1441.

25.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of February 26, 2024, when Defendants were served with the Complaint.

26.      This filing of the Notice of Removal in this Court is appropriate because the District of New Jersey is the District where the state court action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

27.      Defendants have not answered or otherwise filed a responsive pleading.  28 U.S.C. § 1466(a).

28.      Removal is proper under 28 U.S.C. § 1332 and 1441(a) because complete diversity of jurisdiction exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## A.      There Is Complete Diversity of Citizenship.

9.      There is complete diversity in this matter.  For diversity jurisdiction to exist, there must be "complete" diversity, meaning that all plaintiffs must be of different citizenship than all defendants.  *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

10.      Plaintiff Atlas is a Delaware Corporation.  (*See* Ex. A, at ¶ 25).  Upon information and belief, Atlas has its principal place in New Jersey.  (*See id.*).  Plaintiff Altas therefore is a citizen of the States of Delaware and New Jersey for purposes of 28 U.S.C. § 1332(a)(1).

11.      The remaining plaintiffs are citizens of New Jersey.   The Complaint alleges that Plaintiff Jane Doe-1 is a police officer working in northern New Jersey. (*See* Ex. A, at ¶ 15).  As a matter of New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such a position."  N.J.S.A. 40A:14-122.8.  Thus, Jane Doe-1 is a New Jersey citizen for purposes of 28 U.S.C. § 1332(a)(1).

12.      The Complaint alleges that Plaintiff Jane Doe-2 is a correctional police officer living in northern New Jersey. (*See* Ex. A, at ¶ 16).  Thus, Jane Doe-2 is a New Jersey citizen for purposes of 28 U.S.C. § 1332(a)(1).

13.      The Complaint alleges that Plaintiff Edwin Maldonado is an officer in the Plainfield, New Jersey Police Department and is therefore a New Jersey citizen for purposes of 28 U.S.C. § 1332(a)(1).  (*See* Ex. A, at ¶ 17).

14.      The Complaint alleges that Plaintiffs Scott Maloney and Justyna Maloney are Rahway, New Jersey police officers and a married couple who live in New Jersey.  (Ex. A, at ¶ 18).  Thus, they are New Jersey citizens for purposes of 28 U.S.C. § 1332(a)(1).

15.      The Complaint alleges that Plaintiff Patrick Colligan is a veteran of the Franklin Township Police Department in Somerset, New Jersey.  (Ex. A, at ¶ 22).  He is therefore a New Jersey citizen for purposes of 28 U.S.C. § 1332(a)(1).

16.      The Complaint alleges that Plaintiff Peter Andreyev is a veteran of the Point Pleasant, New Jersey police department and that he currently serves as the Executive Vice

President of the New Jersey State Policemen's Benevolent Association.  (Ex. A at ¶ 23).  He is

therefore a New Jersey citizen for purposes of 28 U.S.C. § 1332(a)(1)

17.    The Complaint alleges that Plaintiff William Sullivan is a veteran of the New Jersey

Department of Corrections.  (Ex. A, at ¶ 24).  He is therefore a New Jersey citizen for purposes of

28 U.S.C. § 1332(a)(1).

18.    Defendant Zillow, Inc. is a Washington corporation with its principal place of

business in the State of Washington.  Zillow, Inc. is a citizen of Washington for purposes of 28

U.S.C. § 1332(a)(1).

19.    Defendant Zillow Group, Inc. is a Washington corporation with its principal place

of business in the State of Washington.  Zillow, Inc. is a citizen of Washington for purposes of 28

U.S.C. § 1332(a)(1).

20.    Defendants Richard Roes 1-10 and ABC Companies 1-10 are identified in the

Complaint as "fictitious names of currently unknown individuals/entities."  (*See* Ex. A, at ¶ 39).

This Court can disregard their citizenship for purposes of removal.  *See* 28 U.S.C. § 1441(a); *Abels*

*v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 37 (3d Cir. 1985) ("In determining whether diversity

jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.")

21.    Defendants' states of incorporation and principal places of business are both located

in the State of Washington.  None of the Plaintiffs are incorporated, are citizens of, or maintain a

principal place of business in the State of Washington.  Because Defendants' citizenship is

completely diverse from Plaintiffs' citizenship, complete diversity of citizenship exists between

the parties in the Action.

**B.      The Amount in Controversy Exceeds $75,000.**

22.      When "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780, 782, n.2 (3rd Cir. 2020).  A single plaintiff can satisfy this requirement and this Court can then exercise supplemental jurisdiction over any other plaintiffs, regardless of the value of their claims.  *Burgess v. Bennet*, 2021 WL 1050313, at *5, n. 9 (D.N.J. Mar. 19, 2021).  The language in paragraphs 24, 56, and 62 of the Complaint establishes that the amount in controversy in this Action exceeds $75,000.  (*See* Ex. A, at ¶¶ 24, 56, 62).

23.      Atlas purports to bring claims on behalf of 14,476 individuals who were "covered persons" ("Covered Persons") and assigned their claims to Atlas for alleged violations of Daniel's Law.  (*See* Ex. A, at ¶ 24).

24.      In addition to Atlas, eight Individual Plaintiffs assert claims against Defendants for alleged violations of Daniel's Law, bringing the total number of claims against Defendants to 14,484.  (*See* Ex. A, at ¶ 52).

25.      Plaintiffs request "actual damages, not less than liquidated damages under Daniel's Law, at $1,000 for each violation."  (*See* Ex. A, at p. 22).  Thus, assuming each Covered Person or Individual Plaintiff asserts only one violation, the amount in controversy or actual damages alone would exceed $14,476,000.

26.      Further, if Atlas is disregarded for purposes of a removal analysis as some other defendants in Daniel's Law cases have alleged, the amount in controversy requirement is nevertheless satisfied by the claims of the Individual Plaintiffs.

27.      In addition to actual and statutory damages, the Individual Plaintiffs seek punitive damages, attorneys' fees, and injunctive relief.

28.    The Third Circuit has held that claims for punitive damages that are made in good faith "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3rd Cir. 2008) *quoting Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3rd Cir. 2004) (emphasis omitted).  The Third Circuit also has held that "[I]n calculating the amount in controversy, we must consider potential attorney's fees.  Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3rd Cir. 1997) (citation omitted).

29.    Accordingly, because the parties are completely diverse and the amount in controversy exceeds $75,000, the requirements of diversity jurisdiction are satisfied.[2]

**C.    All Other Grounds For Removal Are Satisfied.**

30.    In accordance with 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Defendants will give written notice of this Notice of Removal to Plaintiffs and the Clerk of the Superior Court of New Jersey, Law Division, Bergen County.

---

[2]    In the event that the claims of the Individual Plaintiffs do not each exceed $75,000, this Court has supplemental jurisdiction over each of the Individual Plaintiffs' claims because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367.

WHEREFORE, Defendants remove this Action to this Court for further proceedings

according to law.

Date:  March 27, 2024                              Respectfully submitted,

                                                  **BUCHANAN INGERSOLL & ROONEY PC**


                                                  By: /s/  *Jacqueline M. Weyand*
                                                      Samantha Southall (*pro hac vice* forthcoming)
                                                      Jacqueline Weyand (01572011)
                                                      Natalie Peled (*pro hac vice* forthcoming)
                                                  550 Broad Street, Suite 810
                                                  Newark, NJ 07102-4582
                                                  (973) 273-9800

                                                  *Counsel for Zillow, Inc. and Zillow Group, Inc.*

## <u>D.N.J.  LOCAL CIVIL RULE 11.2 STATEMENT</u>

Pursuant to Local Civil Rule 11.2, the undersigned counsel, on behalf of Defendants

Zillow, Inc. and Zillow Group, Inc. certifies that the matter in controversy is not the subject of any

other action pending in any court, or of any pending arbitration or administrative proceeding.


Date:  March 27, 2024                              **BUCHANAN INGERSOLL & ROONEY PC**

                                                   By: /s/ *Jacqueline M. Weyand*
                                                       Samantha Southall (*pro hac vice* forthcoming)
                                                       Jacqueline Weyand (01572011)
                                                       Natalie Peled (*pro hac vice* forthcoming)
                                                   550 Broad Street, Suite 810
                                                   Newark, NJ 07102-4582
                                                   (973) 273-9800

                                                   *Counsel for Zillow, Inc. and Zillow Group, Inc.*