**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Case No. 1:24-cv-04256-HB<br><br>JUDGE HARVEY BARTLE III<br><br>**NOTICE OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**MOTION DATE: APRIL 21, 2025** |

**PLEASE TAKE NOTICE** that on April 21, 2025, or as soon thereafter as counsel may be heard, Defendants Zillow, Inc. and Zillow Group, Inc. (collectively, the "Zillow Defendants"), by and through their undersigned counsel, shall move this Court before the Honorable Harvey Bartle III, United States District Judge, at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101 for entry of:

1. An Order granting the Zillow Defendants' Motion to Dismiss Plaintiffs' Complaint with prejudice for failure to state a claim, and

2. Any other further relief as the Court deems just and proper.

The Zillow Defendants will rely on the accompanying Declaration of Krista A. Rose, Esq. and Memorandum of Law submitted with this Notice of Motion.

Also enclosed is a proposed form of Order for this Court's consideration.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: March 18, 2025

*/s/ Krista A. Rose*
Krista A. Rose (NJ ID No. 449732024)
Samantha L. Southall (admitted *pro hac vice*)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-8700
krista.rose@bipc.com
samantha.southall@bipc.com

*Counsel for Defendants Zillow, Inc. and Zillow Group, Inc.*

**CERTIFICATE OF SERVICE**

I, Krista A. Rose, hereby certify that on this 18th day of March, 2025, a true and correct copy of the foregoing Notice of Motion and supporting documents was served upon all parties of record via the court's electronic filing system:

*/s/ Krista A. Rose*
Krista A. Rose, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,

Plaintiffs,

vs.

ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

Defendants.

Case No. 1:24-cv-04256-HB

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ZILLOW, INC. AND ZILLOW GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS

**I. PRELIMINARY STATEMENT** .......... 1
**II. PLAINTIFFS' ALLEGATIONS** .......... 3
**III. ARGUMENT** .......... 4
**IV. CONCLUSION** .......... 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Atlas Data Priv. Corp. v. We Inform, LLC*,
No. CV 24-10600, 2024 WL 4905924 (D.N.J. Nov. 26, 2024) (Bartle, J.)....................7

*Bambi Baby.com v. Madonna Ventures, Inc.*,
2019 WL 2337447 (D.N.J. Jun. 3, 2019)....................4, 5

*Edelman v. Croonquist*,
2010 WL 1816180 (D.N.J. May 4, 2019)....................4

*Emmett v. Delta Air Lines, Inc.*,
2024 WL 3697740 (W.D. Pa. Jun. 3, 2024)....................4

*Falcone v. Dickstein*,
92 F.4th 193 (3d Cir. 2024), *cert. denied sub nom. Murray-Nolan v. Rubin*, 144 S. Ct. 2560 (2024)....................4, 5

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)....................4

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008)....................4

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
678 F.3d 235 (3d Cir. 2012)....................4

*Stunteback v. Janssen Rsch. & Dev., LLC*,
2014 WL 2572784 (E.D. Pa. June 6, 2014)....................7

*U.S. v. Schneider*,
14 F.3d 876 (3d Cir.1994)....................6

*Winer Family Trust v. Queen*,
503 F.3d 319 (3d Cir. 2007)....................4

**Rules**

Fed. R. Civ. P. 12(b)(6)....................1

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Zillow, Inc. ("Zillow") and Zillow Group, Inc. ("Zillow Group") (collectively, the "Zillow Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs Atlas Data Privacy Corporation, as the assignee of individuals who are Covered Persons under Daniel's Law, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev and William Sullivan's (collectively, "Plaintiffs") Complaint with prejudice.[1]

## I. PRELIMINARY STATEMENT

This case is one of more than 150 substantively identical lawsuits filed in New Jersey courts by Plaintiffs alleging violations of N.J.S.A. 56:8-166.1 ("Daniel's Law"). Daniel's Law provides that, ten business days after receipt of a notification provided by a statutorily defined covered person, "any person or business association" shall not "disclose" or "otherwise make available" that covered person's home address or unpublished phone number.

Plaintiffs, which include a private corporation founded by venture capitalists pursuing these cases for its own financial gain, launched this litigation by casting an incredibly wide net. But they went too far. Instead of focusing exclusively on

---

[1] The Zillow Defendants also joined the Consolidated Motion to Dismiss filed in *Atlas Data Privacy, Inc. v. DM Group, Inc.*, No. 1:24-cv-04075, and incorporate that Motion as if fully set forth herein. The Zillow Defendants respectfully submit this Second Motion to address issues specific to them.

defendants that might actually compromise the safety of covered persons, they also targeted companies like the Zillow Defendants which do not disclose their confidential information and have no place in this litigation. The Zillow Defendants are not "data brokers" and no internet user can obtain a covered person's address or unpublished phone number by visiting the Zillow Defendants' websites. *See*, *e.g.,* Compl. at ¶¶ 1, 2, 32, 33, a copy of which is attached as Exhibit A to the Declaration of Krista A. Rose.

Indeed, the two websites identified by Plaintiffs and which are integral to their Complaint, www.zillowgroup.com and www.zillow.com, conclusively demonstrate the implausibility of Plaintiffs' claims. Neither website publishes any covered person's unpublished phone number or identifies who, if anyone, resides at a certain address or owns a property. In other words, the Zillow Defendants' websites do not, in any sense, compromise the safety or privacy of covered persons.

For example, www.zillowgroup.com, only contains information about Zillow Group and the real estate market, including press releases, investor relations information, and information about corporate governance. It does not disclose the address or unpublished phone number of a covered person. Similarly, www.zillow.com displays information about *properties*, such as their addresses, real estate taxes, prior sales history, amenities, and square footage. Critically, it does *not*

display the name or unpublished phone number of any individual who lives in or owns a property displayed on Zillow's website.

Having failed to plausibly allege that the Zillow Defendants disclose or otherwise make available the information protected by Daniel's Law, Plaintiffs cannot state a claim for violation of it. This Court should therefore dismiss Plaintiffs' Complaint with prejudice.

## II. PLAINTIFFS' ALLEGATIONS

What is most notable about Plaintiffs' Complaint is the dearth of allegations levied specifically against the Zillow Defendants. There are only a handful of allegations specifically addressing the Zillow Defendants. *See* Compl. at ¶¶ 37, 38, 40, 52, 53. Yet even that handful is conclusory.

Plaintiffs assert the conclusory allegation that the Zillow Defendants "offer and engage in the disclosure of data and information through one or more websites or applications" to businesses and individuals who operate or reside in New Jersey. *Id.* at ¶ 40. Plaintiffs then identify two websites operated by the Zillow Defendants – www.zillowgroup.com and www.zillow.com. *Id.* Plaintiffs also make the conclusory contention that "[i]n accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or

unpublished home telephone number of the Individual Plaintiffs and Covered Persons)." *Id.* at ¶ 41.

Plaintiffs baldly allege that, "[s]tarting on or about December 31, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail." *Id.* at ¶ 52. Plaintiffs also vaguely contend that the Zillow Defendants failed to respond to these requests and "upon information and belief, cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals (sic) Plaintiffs and Covered Persons within the time period required by Daniel's Law." *Id.* at ¶ 54.

Based upon these scant conclusory allegations, Plaintiffs assert a single cause of action against the Zillow Defendants – violation of Daniel's Law. They also seek a panoply of relief, including an injunction, liquidated damages, punitive damages, and attorneys' fees on behalf of the six individuals identified in the complaint as well as the "approximately 14,476 individuals who are all 'covered persons' under Daniel's Law." *See id.* at ¶ 26. The Complaint does not identify those "approximately 14,476 individuals." *Id.*

## III. ARGUMENT

Although this Court must "accept the plaintiffs' well pled factual allegations as true and draw all reasonable inferences in their favor," it should "disregard

unsupported conclusions or legal conclusions couched as factual allegations." *Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024), *cert. denied sub nom. Murray-Nolan v. Rubin*, 144 S. Ct. 2560 (2024) (citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted); *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Similarly, this Court must also disregard "bare recitation of the claim's legal elements," because "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Daniel's Law is a laudable and important effort by New Jersey to protect the safety of judges, law enforcement, and other public officials. But this litigation is an overreach because, as even a cursory review of Plaintiffs' allegations reveals, they cannot plausibly allege a Daniel's Law violation against the Zillow Defendants and liability against the Zillow Defendants would serve no goal of Daniel's Law. Simply put, the Zillow Defendants' websites do not "disclose" or "otherwise make available" covered persons' personally identifying information under any reasonable interpretation of Daniel's Law.[2]

---

[2] This Court may take judicial notice of the Zillow Defendants' websites because they are integral to Plaintiffs' Complaint. *Emmett v. Delta Air Lines, Inc.*, 2024 WL 3697740, at *1 (W.D. Pa. Jun. 3, 2024). *See also Winer Family Trust v. Queen*, 503 F.3d 319 (3d Cir. 2007) ("courts must consider the complaint in its entirety…include[ing] examining additional sources courts normally consider when ruling on a motion to dismiss, 'in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'");

In their Complaint, Plaintiffs baldly assert that the Zillow Defendants, through "zillow.com" and "zillowgroup.com," "offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise…" in "New Jersey, and to businesses and individuals who operate or reside in New Jersey." *See* Compl. at ¶ 40. Plaintiffs similarly assert the conclusory allegation that "[i]n accordance with [the Zillow Defendants'] business model, visitors, users, or customers may obtain a name and home address and/or name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons)." *Id.* at 41. Plaintiffs do not allege a single fact or example in support of their allegations. *See generally id.*

Plaintiffs' conclusory allegations that the public can "obtain" a covered person's home address and/or unpublished phone number by visiting the Zillow Defendants' websites are insufficient as a matter of law to state a claim against the Zillow Defendants. *See Falcone*, 92 F.4th at 202. Moreover, the Zillow Defendants' websites, which are integral to Plaintiffs' Complaint and incorporated by reference,

---

*Edelman v. Croonquist*, 2010 WL 1816180 (D.N.J. May 4, 2019) (taking judicial notice of a website discussed in Plaintiff's Amended Complaint); *Bambi Baby.com v. Madonna Ventures, Inc.*, 2019 WL 2337447 at *4, n. 5 (D.N.J. Jun. 3, 2019) ("The court may consider the contents of the Bambi Baby Website because it is 'integral' to the Amended Complaint.").

show that Plaintiffs' allegations are implausible. *See Bambi Baby.com*, 2019 WL 2337447 at *4, n. 5

*First*, www.zillowgroup.com is a website that provides information related to Zillow Group, which is the parent company of Zillow, Trulia, and other businesses. The website provides visitors information about, among other topics, careers at Zillow Group, Zillow Group's commitment to social responsibility, and Zillow Group's advocacy for consumer rights. *See* https://www.zillowgroup.com (last accessed March 18, 2025). It does not provide any data related to Covered Persons, let alone their names, addresses and/or telephone numbers. *See id.*

*Second*, visitors to www.zillow.com can search for information about properties for sale and rent, but they cannot find a covered person's personal identifying information. Information displayed on a www.zillow.com webpage includes:

- The property's address;
- Facts about the property, such as square footage, the number of bathrooms and bedrooms, the types of rooms, and other amenities;
- Whether the property is currently available for rental or sale;
- The property's price history;
- The property's public tax history;
- The property's estimated monthly mortgage payment;
- The walkability of the property's location;

- Ratings about nearby schools; and
- Potentially comparable property.

*See* Home Details Page ("HDP") Exemplar for 9 Grays Farm Rd., Westport, Connecticut 06880, from www.zillow.com, a true and correct copy of which is attached to the Rose Declaration as Exhibit B. On this website, visitors also can search for real estate agents, obtain information about home loans, list a rental property, and obtain educational information. *See generally* www.zillow.com (last accessed March 18, 2025).

Critically, as is evident on the face of the www.zillow.com website and any reasonable pre-suit investigation would have revealed, the Zillow Defendants do *not* publish the identities of the owners or tenants of a particular property or their unpublished telephone numbers. *Id.* If an internet user wanted to determine the address or phone number of a Covered Person, they could not do so by viewing property listings on www.zillow.com. *Id.* In that sense, Plaintiffs have failed to plausibly allege that the Zillow Defendants "disclose" or "otherwise make available" their personal identifying information. *See Atlas Data Privacy Corp. v. Spycloud, Inc.*, Docket No. MRS-L-000263-24, October 17, 2024 Order, at 10, a copy of which is attached to the Rose Declaration as Exhibit C. (Complaint failed to plead Daniel's Law violation where "any of the individual Plaintiffs or assignors viewed their information on Defendant's website before or after the takedown notices were sent.")

*Finally*, the Court should dismiss Plaintiffs' Complaint to avoid absurd results. *See U.S. v. Schneider*, 14 F.3d 876, 880 (3d Cir.1994) ("It is the obligation of the court to construe a statute to avoid absurd results, if alternative interpretations are available and consistent with the legislative purpose."). Because the Zillow Defendants do not publish the names or telephone numbers of individuals who live at a particular property, Plaintiffs would need to rely on a hyper-technical interpretation of the statute. That is, Daniel's Law would need to reach instances in which a defendant merely "disclose[s]" or "otherwise make[s] available" an address *by itself*. In other words, liability would need to attach where a defendant merely discloses the *existence* of a property without also disclosing any information linking a covered person to the property. Such a broad interpretation of Daniel's Law would, in no way, serve the goals of the statute, including to "enhance the safety and security [of covered persons]" and to allow covered persons to "carry out their official duties without fear of personal reprisal." *See Atlas Data Priv. Corp. v. We Inform, LLC*, 2024 WL 4905924, at *2 (D.N.J. Nov. 26, 2024) (Bartle, J.); *see also Stunteback v. Janssen Rsch. & Dev., LLC,* 2014 WL 2572784, at *3 (E.D. Pa. June 6, 2014) ("the Court may look beyond the plain meaning of the statute because permitting removal by a non-forum defendant would produce an absurd result").

There is no need for costly and time-consuming discovery in this case. This Court should dismiss Plaintiffs' Complaint with prejudice based, alone, on Plaintiffs'

threadbare allegations and the Zillow Defendants' websites incorporated by Plaintiff in their Complaint that show Plaintiffs' allegations are implausible.

## IV. CONCLUSION

For all of the foregoing reasons and those set forth in the Zillow Defendants' joinder to the Consolidated Motion to Dismiss filed in *Atlas Data Privacy, Inc. v. DM Group, Inc.,* No. 1:24-cv-04075, Plaintiffs have failed to state a plausible claim for violations of Daniel's Law. This Court should therefore grant the Zillow Defendants' motion and dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: March 18, 2025

*/s/ Krista A. Rose*
Krista A. Rose
(NJ ID No. 449732024)
Samantha L. Southall
(admitted *pro hac vice*)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-8700
krista.rose@bipc.com
samantha.southall@bipc.com

*Counsel for Defendants Zillow, Inc. and Zillow Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of March, 2025 I caused a true and correct copy of the foregoing document to be served electronically via the Court's CM/ECF system upon all counsel of record.

*/s/ Krista A. Rose*
Krista A. Rose