# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES l-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | Case No. 1:24-cv-04256-HB |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS ZILLOW, INC. AND ZILLOW GROUP, INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Zillow, Inc. ("Zillow") and Zillow Group, Inc. ("Zillow Group") (collectively, the "Zillow Defendants") respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss Plaintiffs Atlas Data Privacy Corporation, as the assignee of individuals who are Covered Persons under Daniel's Law, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev and William Sullivan's (collectively, "Plaintiffs") Complaint with prejudice.[1]

I.  **PRELIMINARY STATEMENT**

The Zillow Defendants agree with Plaintiffs that "it is what Plaintiffs allege that matters here." Doc. No. 68 at 28. Critically, however, Plaintiffs have only alleged boilerplate statements that do not contain a single substantive factual allegation about the Zillow Defendants or how the Zillow Defendants purportedly violated Daniel's Law. For that reason alone, this Court should dismiss their Complaint with prejudice.

---

[1]  The Zillow Defendants also joined the Defendants' Consolidated Motion to Dismiss filed in *Atlas Data Privacy, Inc. v. DM Group, Inc.*, No. 1:24-cv-04075. The Consolidated Reply Brief is due on June 3, 2025. Doc. No. 62. The Zillow Defendants respectfully submit this Reply Memorandum to address issues specific to their motion to dismiss.

1

Plaintiffs attempt to evade dismissal with two meritless arguments. *First*, they take issue with the Zillow Defendants' references to the www.zillow.com and www.zillowgroup.com websites (collectively, the "Zillow Websites") and argue that the Zillow Defendants "rely on the kind of fact-based arguments that courts routinely reject at the pleading stage." Doc. No. 68 at 27. It is well settled, however, that this Court can consider the Zillow Websites because Plaintiffs relied upon them in their Complaint. And, as the Zillow Defendants showed in their opening brief, the Zillow Websites further demonstrate the implausibility of Plaintiffs' allegations.

*Second*, faced with the reality that they failed to plead a plausible claim, Plaintiffs pivot to a new theory that the Zillow Defendants somehow violated Daniel's Law through a product called the "Bridge API." But Plaintiffs do not assert a *single allegation* in their Complaint related to the Bridge API. In fact, the term "Bridge API" does not appear anywhere in their Complaint. This Court should not countenance Plaintiffs' efforts to amend their Complaint through briefing on the Zillow Defendants' motion to dismiss.

## II. ARGUMENT

This Court should dismiss Plaintiffs' Complaint because Plaintiffs fail to identify a single factual allegation in their Complaint establishing a plausible claim of relief. Further, after apparently recognizing that their Complaint comes up short,

Plaintiffs attempt to assert new allegations in their opposition brief. That argument also fails.

*First*, Plaintiffs fail to point to anything other than generalized, conclusory allegations to support their claim. *See id.* at 28 ("Plaintiffs allege that the Zillow Defendants 'offer and engage in disclosure of data and information through one or more websites or applications' and that '[i]n accordance with Defendants' business model, visitors, users, or customers may obtain protected information of covered person[s].'") (quoting Compl. at ¶¶ 40, 42). For the reasons the Zillow Defendants explained in their opening brief, this form of pleading is woefully insufficient to put the Zillow Defendants on notice of what Plaintiffs' claim may (or may not) be and does not state a claim upon which relief can be granted. Doc. No. 52 at 4-6.

Unable to cite any substantive allegations in the Complaint, Plaintiffs now attempt to distract this Court by arguing that the Zillow Defendants' references to the Zillow Websites merely create issues of fact ripe for a motion for summary judgment. Doc. No. 68 at 27-28. But Plaintiffs do not, and indeed cannot, cite a single authority challenging this Court's discretion to take judicial notice of the Zillow Websites that Plaintiffs themselves rely on in their Complaint. Doc. No. 52 at 5, n.2. Nor do Plaintiffs attempt to distinguish the authorities cited by the Zillow Defendants. Doc. No. 68 at 27-28. At bottom, the Zillow Websites reinforce Plaintiffs' pleading failures. Plaintiffs' Complaint forces the Zillow Defendants and

3

this Court to guess how the Zillow Defendants allegedly "disclose" or "otherwise make available" a covered person's home address or unpublished phone number. Doc. No. 52 at 6-8.

*Second*, Plaintiffs' attempt to salvage their Complaint by creating new allegations out of thin air fails. Plaintiffs do not even attempt to argue that Zillow discloses information in violation of Daniel's Law on www.zillow.com, which raises the question why they included that website or Zillow in their Complaint in the first place. Instead, Plaintiffs argue for the first time that the "Bridge Public Records API"[2] was "advertised" on www.zilllowgroup.com as a resource for "commercial use cases by businesses." Doc. No. 68 at 28. Plaintiffs, however, do not even *mention* the "Bridge Public Records API" in their Complaint. Nor do they allege, for example: what it is; who owns it; who can access it; how users access it; and whether (and how) either Zillow Defendant disclosed any information in violation of Daniel's Law through the API. Plaintiffs cannot use their

---

[2]  An API or application programming interface is a set of rules or protocols that enable software applications to communicate with each other and transfer data. *See, e.g.,* https://www.ibm.com/think/topics/api (last accessed May 27, 2025); https://www.oracle.com/cloud/cloud-native/api-management/what-is-api/ (last accessed May 27, 2025); https://csrc.nist.gov/glossary/term /application_ programming_interface. (last accessed May 27, 2025),

4

opposition brief to attempt to rectify these pleading deficiencies.[3] *See, e.g., Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.,* 723 F. Supp. 3d 363, 382-83 (D.N.J. 2024) ("a [c]omplaint cannot be amended in briefing in response to a motion to dismiss."); *Alfaro v. Client Servs., Inc.,* No. CIV. A. 11-05463 CCC, 2012 WL 1150845, at *1, n. 2 (D.N.J. Apr. 5, 2012) ("[i]t is well established that [a] party cannot amend [their] complaint in a brief submitted in opposition to a motion to dismiss."); *Destro v. Hackensack Water Co.*, No. CV 08-4776 (SRC), 2009 WL 10728622 (D.N.J. Apr. 2, 2009), *amended in part*, No. CV 08-4776 (SRC), 2009 WL 10728623 (D.N.J. July 7, 2009) ("[t]his court declines to allow plaintiffs to use their opposition brief to amend the [c]omplaint on the fly.").

Plaintiffs' argument also falls short for other reasons. Indeed, Plaintiffs contend that the "transactional county data" allegedly included in the "Bridge Public Records API" contains "property addresses and name[s] of property owners." Doc. No. 68 at 28. But they cite nothing in support of this argument. *Id.* Moreover, Plaintiffs do not argue that the "Bridge Public Records API" includes the property addresses *and* the names of either the named individual plaintiffs or any of the other "approximately 14,476" individuals who allegedly sent take down notices to the

---

[3]   Plaintiffs, of course, could have amended their Complaint in response to the Zillow Defendants' Motion to Dismiss to address the deficiencies identified by the Zillow Defendants. Fed. R. Civ. P. 15(a)(1)(B). They chose instead to stand on their Complaint. This Court should not permit Plaintiffs to amend.

5

Zillow Defendants and purportedly assigned their claims to Atlas Data Privacy. Compl. at ¶ 26.

Simply put, Plaintiffs have not stated a plausible claim for relief against the Zillow Defendants. This Court should dismiss Plaintiffs' Complaint with prejudice.

## III. CONCLUSION

For all of the foregoing reasons and those set forth in the Zillow Defendants' joinder to the Consolidated Motion to Dismiss filed in *Atlas Data Privacy, Inc. v. DM Group, Inc.,* No. 1:24-cv-04075, Plaintiffs have failed to state a plausible claim for violations of Daniel's Law. This Court should therefore grant the Zillow Defendants' motion and dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: May 27, 2025

*/s/ Krista A. Rose*
Krista A. Rose
(NJ ID No. 449732024)
Samantha L. Southall
(admitted *pro hac vice*)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-8700
krista.rose@bipc.com
samantha.southall@bipc.com

*Counsel for Defendants Zillow, Inc. and Zillow Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2025 I caused a true and correct copy of the foregoing document to be served electronically via the Court's CM/ECF system upon all counsel of record.

*/s/ Krista A. Rose*
Krista A. Rose
