Melissa J. Bayly
**BUCHANAN INGERSOLL & ROONEY PC**
550 Broad Street, Suite 810
Newark, New Jersey 07102
Phone: 973-273-9800
Fax:   973-273-9430

Samantha L. Southall (admitted *pro hac vice*)
Krista A. Rose
**BUCHANAN INGERSOLL & ROONEY PC**
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, PA 19102
Tel: 215-665-8700
Fax:  215-665-8760

***Attorneys for Defendants Zillow, Inc. and Zillow Group, Inc.***

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ZILLOW, INC., ZILLOW GROUP, INC., *et al.* <br><br> *Defendants*. | Case No.: 1:24-cv-04256 <br><br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants Zillow, Inc. ("Zillow") and Zillow Group, Inc. ("Zillow Group")

(collectively, "Defendants"), by and through their undersigned counsel, hereby file

this answer and affirmative defenses to the Complaint filed by Atlas Data Privacy Corporation, as the assignee of individuals who are Covered Persons under Daniel's Law, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev and William Sullivan (collectively, "Plaintiffs"). Unless expressly admitted, Defendants deny each and every allegation set forth in Plaintiffs' Complaint.

1.    Defendants admit only that the New Jersey legislature passed Daniel's Law in 2020 and that the Governor of New Jersey signed Daniel's Law into law in November 2020.   Daniel's Law speaks for itself and Defendants deny any characterization of it.   The remainder of this paragraph does not contain any allegations as to which a responsive pleading is required.   To the extent that a response is required, Defendants deny those allegations.

2.    Defendants admit only that Plaintiffs purport to bring a claim for violation of Daniel's Law.   Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.   Defendants deny the remaining allegations contained in this paragraph.

3.    Defendants admit only that the New Jersey legislature passed Daniel's Law in 2020 and that the Governor of New Jersey signed Daniel's Law into law in November 2020.   Daniel's Law speaks for itself and Defendants deny any characterization of it.   Defendants deny that Plaintiffs have asserted any valid claim

2

against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.  Defendants deny the remaining allegations contained in this paragraph.

4.    Defendants admit only that Plaintiffs seek damages and injunctive relief in their Complaint, but deny that Plaintiffs are entitled to any damages or injunctive relief.  Defendants also admit that Atlas purports to bring this action as an assignee for certain individuals, but deny that the assignments were proper or effective, and deny that Plaintiffs are entitled to any recovery from Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that the purported assignees were family members or law enforcement officers or prosecutors, and therefore, deny that allegation.   The remaining allegations of this paragraph do not contain any allegations to which a responsive pleading is required.  To the extent that a response is required, Defendants deny those allegations.

5.    Defendants admit only that Daniel Anderl, the son of a New Jersey federal judge, was tragically murdered in July 2020.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny them.

6.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

7. Defendants deny the allegations in this paragraph pertaining to the language "the same kind of data broker services at issue in this case." Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

8. Defendants admit only that the New Jersey legislature passed Daniel's Law in 2020 and that the Governor of New Jersey signed Daniel's Law into law in November 2020. Daniel's Law speaks for itself and Defendants deny any characterization of it. The remaining allegations contained in this paragraph state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

9. The allegations contained in this paragraph state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterizations of it. Defendants further deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

To the extent that this paragraph quotes from a written document, that written document speaks for itself and Defendants deny any characterization of it.

11.    The allegations contained in this paragraph refer to a written document which speaks for itself and Defendants deny any characterization of it.

12.    Admitted.

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them. To the extent that this paragraph refers to a written document, that written document speaks for itself and Defendants deny any characterization of it.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them. To the extent that this paragraph refers to written document, those written documents speak for themselves and Defendants deny any characterization of them.

15.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

16.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

17.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

26.     The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants admit only that Atlas purports to assert claims under Daniel's Law as an assignee.  Defendants deny that Atlas has plausibly alleged that Daniel's Law applies

to its "approximately 14,476" purported assignors, that all of the purported assignors are "covered persons" under Daniel's Law, or that the purported assignments are legally valid. Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs. By way of further response, Defendants state that Daniel's Law speaks for itself, and Defendants deny the allegations contained in this paragraph to the extent they characterize it.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph that "[t]he Covered Persons include individuals who reside, work, or had previously resided or worked in New Jersey" and therefore denies those allegations. Defendants deny the allegation contained in this paragraph that the assignors "have claims against Defendants for failing to comply with Daniel's Law." The remaining allegations contained in this paragraph contain a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny that Atlas has plausibly alleged that Daniel's Law applies to its "approximately 14,476" purported assignors, that all of the purported assignors are "covered persons" under Daniel's Law, or that the purported assignments are legally valid. By way of further response, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterizations of it. Defendants deny that Plaintiffs have asserted any valid claim

against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

28.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.    To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterization of it.    Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.    Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny them.

29.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.    To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

30.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.    To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

32.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

33.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

34.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

36.    Defendants admit only that the allegations contained in this paragraph purport to summarize Plaintiffs' claims.  Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore deny them.

37.    Defendants deny the allegations contained in this paragraph.

38.    Defendants deny the allegations contained in this paragraph.

39.    The allegations contained in this paragraph are not directed to Defendants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

40.    Defendants admit only that www.zillow.com is associated with Defendant Zillow and that www.zillowgroup.com is associated with Defendant Zillow Group.   Defendants deny the remaining allegations contained in this paragraph.

41.    Defendants deny the allegations contained in this paragraph.

42.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.   To the extent that a response is required, Defendants deny the allegations contained in this paragraph.   By way of further response, Daniel's Law speaks for itself and Defendants deny any characterization of it.   Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

43.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.   To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

44.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.   To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

45.    Admitted.

46.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.   To the extent that a response is required,

Defendants state that Daniel's Law speaks for itself and Defendants deny any characterization of it. Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

47.    The allegations contained in this paragraph state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterization of it. Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

48.    The allegations contained in this paragraph state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterization of it.

49.    Defendants admit only that Daniel's Law was amended in 2023. The remaining allegations contained in this paragraph state a legal conclusion as to which no response is required. To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterization of it. Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

50.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterization of it.  Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

51.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and Defendants deny any characterization of it.  Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

52.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them. To the extent that the Complaint purports to include screenshots of written

documents those written documents speak for themselves and Defendants deny any characterizations of them.

54.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.  Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

55.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.  Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

56.    Defendants admit only that this paragraph purports to summarize Plaintiffs' claims in the Complaint.  The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

57.    Defendants incorporate their responses to the foregoing paragraphs as if fully set forth herein.

58.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore deny them.

59.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants state that Daniel's Law speaks for itself and deny any characterizations of it.  Defendants deny that Plaintiffs have asserted any valid claim against them, that they violated Daniel's Law, or that they have any liability to Plaintiffs.

60.    Defendants deny the allegations contained in this paragraph.

61.    Defendants deny the allegations contained in this paragraph.

62.    The allegations contained in this paragraph state a legal conclusion as to which no response is required.  To the extent that a response is required, Defendants deny the allegations contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendants further plead the following defenses to the claims asserted in the Complaint:

## FIRST DEFENSE

This Court lacks subject matter jurisdiction because Plaintiffs have failed to establish that they have suffered an injury in fact that is fairly traceable to Defendants' alleged conduct here.

## SECOND DEFENSE

Plaintiffs' claims are barred completely in whole or in part because one or more Plaintiffs lack standing to pursue their claims.

## THIRD DEFENSE

Plaintiffs have failed to establish that this Court can properly exercise general or specific personal jurisdiction over Defendants.

## FOURTH DEFENSE

Plaintiffs have failed to establish that this Court presents a proper venue to adjudicate this dispute.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE

Plaintiffs' claims fail because Daniel's Law facially violates free-speech guarantees under the Federal and/or New Jersey Constitutions.  Alternatively,

application of Daniel's Law against Defendants under the facts of this case would violate the Federal and/or New Jersey Constitutions.

## SEVENTH DEFENSE

Plaintiffs fail to sufficiently plead that Defendants proximately caused their alleged damages because Plaintiffs' alleged damages, injuries, and/or losses, if any, were caused entirely by the acts or omissions of other persons or entities over which Defendants had no control.

## EIGHTH DEFENSE

Plaintiffs fail to allege a likelihood of further harm sufficient to obtain injunctive relief.

## NINTH DEFENSE

Plaintiffs' request for injunctive relief is overbroad.

## TENTH DEFENSE

Plaintiffs' claims are barred to the extent that they have failed to satisfy any condition precedent to suit.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by waiver, estoppel, laches, and/or unclean hands. For example, Plaintiffs' claims are barred to the extent they are premised on invalid assignments or legally deficient takedown requests.

## TWELFTH DEFENSE

Plaintiffs fail to allege that Defendants acted negligently, which Plaintiffs assert is the relevant standard of liability under Daniel's Law.

## THIRTEENTH DEFENSE

Plaintiffs fail to sufficiently allege that Defendants disclosed any of Plaintiffs' protected information after the ten-day statutory compliance period under Daniel's Law.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, including but not limited to delaying takedown requests and/or refusal to use Defendants' existing designated processes for processing of opt-out requests.

## FIFTEENTH DEFENSE

Plaintiffs' claims for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

## SIXTEENTH DEFENSE

Plaintiffs' claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state principles.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the requirements of Daniel's Law to trigger any obligations by Defendants under Daniel's Law.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because at all times relevant to this matter. Defendants acted in good faith and compiled with all applicable laws, including Daniel's Law.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred in whole or in part because Atlas is not an appropriate assignee under Daniel's Law and /or because one or more of the assignments is invalid.

## TWENTY FIRST DEFENSE

Plaintiffs' claims are barred in whole or in part because Atlas' actions constitute entrapment by sending takedown notices in a burdensome manner.

## TWENTY SECOND DEFENSE

To the extent Defendants are found to be liable to Plaintiffs, Defendants are entitled to equitable indemnification from Atlas.

## **TWENTY THIRD DEFENSE**

Defendants reserve the right to assert any and all additional defenses, both factual and legal, as may be justified by information subsequently obtained, and further incorporate those defenses as if fully set forth herein.

**WHEREFORE**, Defendants request that this Court enter a judgment against Plaintiffs:

1.    That Plaintiffs take nothing by reason of the Complaint;

2.    That judgment be entered in favor of Defendants and against Plaintiffs;

3.    For costs and attorneys' fees incurred by Defendants if and to the extent permitted by law; and

4.      Any other further relief as this Court deems just and proper.

Dated:  October 3, 2025                    Respectfully submitted,

                                           /s/ *Krista A. Rose*
                                           Melissa J. Bayly
                                           **BUCHANAN INGERSOLL**
                                           **& ROONEY PC**
                                           550 Broad Street, Suite 810
                                           Newark, New Jersey 07102
                                           Phone: 973-273-9800
                                           Fax:   973-273-9430

                                           Samantha L. Southall (admitted *pro hac vice*)
                                           Krista A. Rose (NJ Bar No. 449732024)
                                           **BUCHANAN INGERSOLL**
                                           **& ROONEY PC**
                                           Two Liberty Place
                                           50 S. 16th St., Suite 3200
                                           Philadelphia, PA 19102
                                           Tel: 215-665-8700
                                           Fax:  215-665-8760

                                           *Counsel for Defendants Zillow, Inc. and*
                                           *Zillow Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd day of October, 2025 I caused a true and correct copy of the foregoing document to be served electronically via the Court's CM/ECF system upon all counsel of record.

*/s/ Krista A. Rose*
Krista A. Rose
