**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORP., *et al.,* | Civil Action No. 24-cv-04256 |
| Plaintiffs, | |
| v. | **CONFIDENTIALITY ORDER** |
| ZILLOW, INC., *et al.*, | |
| Defendants. | |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential or sensitive information, including material properly designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" under this Confidentiality Order, and the Parties having agreed that the following restrictions and procedures shall govern the handling of certain information, documents, excerpts from documents, and deposition testimony exchanged and/or provided in this matter pursuant to the Federal Rules of Civil Procedure and District of New Jersey Local Civil Rules; and the Court agreeing that the measures described herein are appropriate to protect from disclosure any confidential, sensitive, and/or privileged information; and that good cause exists for the entry of this Confidentiality Order;

Accordingly, in addition to the foregoing designations, the Parties shall have the right to designate as "ATTONEYS' EYES ONLY - COMPETITOR INFORMATION" any document, material, or information that otherwise qualifies as Confidential Material, to the extent that disclosure of such material could reasonably be expected to provide Defendant(s) (including Defendant's officers, employees, agents, in-house counsel, or other representatives) could reasonably be expected to provide Defendant(s) with a competitive advantage. Material designated as "ATTONEYS' EYES ONLY - COMPETITOR INFORMATION" shall be subject to the additional access limitations set forth below.

**IT IS** on this 8th day of **APRIL**, **2026**, **ORDERED** that:

1.      Any party to  the above-captioned action and any non-party providing information in this Litigation (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; or (b) that contains private or confidential personal information; or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G) and Local Civil Rule 5.3. Any party to this Litigation or non-party covered by this Confidentiality Order, that produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing

or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to this Litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" or "Attorneys' Eyes Only-Competitor Information" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this Litigation or any non-party that is covered by this Confidentiality Order, that produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER"(hereinafter "Attorneys' Eyes Only").  In addition, any party or non-party may designate as "ATTONEYS' EYES ONLY—COMPETITOR INFORMATION" any information, document, thing, or portion thereof that constitutes Confidential Material and as to which disclosure to Defendant (including Defendant's officers, employees, agents, in-house counsel, or other representatives) could reasonably be expected to provide Defendant with a competitive advantage (hereinafter, "Competitor Information"). Any party or Non-Party producing or disclosing Competitor Information Material shall mark it with the legend "ATTONEYS' EYES ONLY - COMPETITOR INFORMATION" or "ATTONEYS' EYES ONLY - COMPETITOR INFORMATION - SUBJECT TO CONFIDENTIALITY ORDER."

3.      Any party to this Litigation and any non-party shall have the right to designate as "Highly Confidential - Outside Counsel Only" extremely sensitive information or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  For information designated as Highly Confidential – Outside Counsel Only, the person so designating has a good faith belief that the subject information is extremely sensitive and its disclosure to anyone other than outside counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means. Any party to this Litigation or any nonparty that is covered by this Confidentiality Order that produces or discloses any Highly Confidential-Outside Counsel Only material, including without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony shall mark the same with the foregoing or similar legend: "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Outside Counsel Only").

4.      All Confidential, Attorneys' Eyes Only, Competitor Information, and  Outside Counsel Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those individuals set forth in Paragraphs 5-6 (Confidential Material); Paragraphs 7-8 (Attorneys' Eyes Only Material); Paragraphs 9-10 (Attorneys' Eyes Only – Competitor Information Material); or  Paragraphs 11-12 (Outside Counsel Only Material), unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential,

Attorneys' Eyes Only, Competitor Information, and Outside Counsel Only material, provided that such advice and opinions do not reveal the content of such Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor, or Outside Counsel Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)     Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

(b)     In-house counsel of the parties necessary for the prosecution or defense of the action;

(c)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)     The Court and court personnel;

(f)     Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party that produced the information, document or thing, or if the producing party consents to such disclosure;

(g)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and that have signed a non-disclosure agreement in the form attached hereto as Exhibit A including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(h)     The parties. In the case of parties that are corporations or other entities, "party" shall mean employees who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

(i)     Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

6.      Confidential material shall be used only by individuals permitted access to it under Paragraph 5. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality in writing, or (b) the Court orders such disclosure.

7.      Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a)      Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

(b)      In-house counsel of the parties necessary for the prosecution or defense of the action;

(c)      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d)      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)      The Court and court personnel;

(f)      Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party that produced the information, document or thing, or if the producing party consents to such disclosure;

(g)      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and that have signed a non-disclosure agreement in the form attached hereto as Exhibit A including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and to such other persons as counsel for the producing party agrees or as ordered by the Court.

(h)      Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

8.      Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 7. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

4

9.    Attorneys' Eyes Only—Competitor Information material and the contents of Attorneys' Eyes Only—Competitor Information material may be disclosed only to the following individuals under the following conditions:

(a)    Plaintiff Atlas Data Privacy Corporation and its In-House counsel;

(b)    Plaintiffs' Outside counsel (herein defined as any attorney of Plaintiffs' outside law firm which has entered an appearance in this Litigation only);

(c)    Defendants' Outside counsel (herein defined as any attorney of any Defendant's outside law firm, which has entered an appearance in the Litigation only).

(d)    Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(e)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(f)    The Court and court personnel;

(g)    Vendors who have been retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and who have signed a non-disclosure agreement in the form attached hereto as Exhibit A including but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(h)    Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

10.    Attorneys' Eyes Only – Competitor Information material shall be used only by individuals permitted access to it under Paragraph 9.  Attorneys' Eyes Only – Competitor Information material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

11.    Outside Counsel Only material and the contents of Outside Counsel Only material may be disclosed only to the following individuals under the following conditions:

(a)    Outside counsel (herein defined as any attorney of Plaintiffs' outside law firm which has entered an appearance in this Litigation only);

(b)    Outside experts or consultants retained by outside counsel for purposes of

5

this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and that have signed a non-disclosure agreement in the form attached hereto as Exhibit A including but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(f)     Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

(g)     Any deponent may be shown or examined on any information, document or thing designated Outside Counsel Only if it appears that the witness authorized or received a copy of it, or was employed by the party that produced the information, document, or thing, or if the producing party consents to such disclosure.

12.     Outside Counsel Only material shall be used only by individuals permitted access to it under Paragraph 11.  Outside Counsel Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or non-party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

13.     Outside counsel representing a defendant in another Daniel's Law case who has not appeared in the Action ("non-Action matter") may access Confidential material, Attorneys' Eyes Only material, Attorneys' Eyes Only—Competitor Information material, and/or Outside Counsel Only material only as part of a court proceeding or joint filing involving Defendant and the defendant in the non-Action matter and/or a joint deposition that has been noticed in both the Action and non-Action matter.

14.     With respect to any depositions, hearings, or other pretrial proceedings that involve a disclosure of Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only - Competitor, and/or Outside Counsel Only material of a party or non-party, such party or non-party may designate the entire transcript as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only - Competitor, and/or Outside Counsel Only material either on the record during the deposition, hearing, or pretrial proceeding.  The parties shall treat the entirety of such testimony as so designated on the record for a period of 30 days (or any extended period as agreed upon by the parties) from the date of

receipt by outside counsel of record of a final transcript, during which time a designating party may identify the specific portions of testimony as to which protection is sought and specify the particular level of protection be asserted. At the expiration of that 30 day period (or any extended period as agreed upon by the parties), only those portions that are specifically identified will qualify for protection under this Confidentiality Order. The use of a document as an exhibit at a deposition, hearing, or other pretrial proceeding shall not in any way affect its designation as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor, and/or Outside Counsel Only material.

15.     If counsel for a party receiving documents or information designated as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor, or Outside Counsel Only material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

      (a)      Counsel for the objecting party shall serve on the designating party or non- party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor, or Outside Counsel Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

      (b)      If a dispute as to a Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor, or Outside Counsel Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

16.     Any document designated Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor, or Outside Counsel Only material by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

17.     All personally identifiable information, including home address or phone numbers of plaintiffs or assignors, regardless of source, shall be designated as "Confidential" and shall only be filed with the Court under seal pursuant to Local Civil Rule 5.3.

18.     If the need arises during trial or at any hearing before the Court for any party to disclose Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor, and/or Outside Counsel Only material, it may do so only after giving notice to the producing party and as directed by the Court.

19.    Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

20.    The inadvertent or unintentional disclosure of Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor, or Outside Counsel Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor, or Outside Counsel Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor, or Outside Counsel Only material within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor , or Outside Counsel Only material under this Confidentiality Order.

21.    The production of any information, document, or thing in this Litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Confidentiality Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Federal Rule of Evidence 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

22.    If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor, Attorneys' Eyes Only-Competitor, or Outside Counsel Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party that served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only- Competitor, or Outside Counsel Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party that received the demand shall not oppose or otherwise interfere with the designating party's actions.

23.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source

other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor, or Outside Counsel Only material under this Confidentiality Order.

24.     This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

25.     Nothing in this Confidentiality Order prevents a party or non-party from using its own confidential information in any way that it seeks fit, without prior consent of any party or the Court.

26.     This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

27.     The Court has jurisdiction to enforce this Confidentiality Order and to grant relief, as authorized by law or in equity, for any violations thereof.

28.     The Parties further agree that Defendant shall be permitted to take discovery from plaintiffs, Jane Doe-1 and Jane Doe-2, in the same manner that discovery is sought from any plaintiff in the Daniel's Law Cases.

29.     Upon final conclusion of this Litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor, or Outside Counsel Only material or to securely and permanently destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential, Attorneys' Eyes Only, or Outside Counsel Only material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor, or Outside Counsel Only from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

30.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO ORDERED.**

Dated:   April 8, 2026          /s/  Harvey Bartle III

                                                                    J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORP., *et al.,*<br><br>        Plaintiffs,<br><br>    v.<br><br>ZILLOW, INC., *et al.*,<br><br>        Defendants. | Civil Action No. 24-cv-04256<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

1.    My address is _____.

2.    My present employer is _____ and the address of my present employment is _____.

3.    My present occupation or job description is _____.

4.    I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor, or Outside Counsel Only material or any words, summaries, abstracts, or indices of such materials that are disclosed to me.

6.    I will limit use of Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only Competitor, or Outside Counsel Only material disclosed to me solely for purpose of this action.

7.    No later than the final conclusion of this action, I will return all Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor, and Outside Counsel Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____[Name]